[No. 26012.  Department One.  April 3, 1936.]

G. Dowe McQuesten *et al., Respondents,* v.
Pearl Parkhurst Jones, *Appellant.*[1]

*Kenneth Durham, John J. Kennett,* and *Hyland, Elvidge & Alvord,* for appellant.

*Allen, Froude & Hilen,* for respondents.

Tolman, J.—The respondents, being the record owners of certain real property in the city of Seattle, brought this action for the purpose of quieting their title thereto.

The defendant, appellant here, answered the complaint denying title in the plaintiffs and pleading affirmatively that the true owner of the property was one D. M. McQuesten, a brother of the plaintiff G. Dowe McQuesten; that the deed from D. M. McQuesten to G. Dowe McQuesten, upon which the plaintiffs base their claim of title, was executed and delivered for the sole purpose of placing the property beyond the reach of creditors of D. M. McQuesten, and particularly for the purpose of defeating the just

[1]Reported in 55 P. (2d) 1096.

claim of the defendant; that, after the execution and delivery of the fraudulent deed, the defendant had procured the entry of a judgment in her favor and against D. M. McQuesten; that she had caused execution to issue thereon and had levied upon and sold the real estate in question in partial satisfaction of her judgment; that the time for redemption had expired and that the defendant is therefore the owner and entitled to the possession of the real property. The prayer was that plaintiffs take nothing, and that the defendant's title to the property be quieted.

The material allegations of the affirmative defense were denied by the reply. The cause was tried to the court, sitting without a jury, resulting in a judgment quieting title in the plaintiffs in accordance with the prayer of their complaint. The defendant has appealed.

The case turns wholly on questions of fact. The trial court, in his written opinion, said:

"I am conscious of the fact that certain of the 'badges of fraud' appear in this case and I can conceive from the point of view of an unpreferred creditor that some of the acts brought out in the testimony look suspicious. However, I would prefer to believe that a man would ordinarily prefer his brother rather than a stranger, and I do not believe that the collection of rents by the grantor is sufficient to sustain the proposition that the transfer was made in trust for the grantor."

Certain transactions were shown sufficient to place the burden upon the respondents of establishing good faith. This they undertook to do by the testimony of respondent G. Dowe McQuesten, the grantee, and that of his brother D. M. McQuesten, the grantor of the deed which the appellant attacks. These men were vitally interested in the results, but none the less their testimony was admissible and must

be considered for what it may be worth. If found to be reasonable, it may be believed and accepted. The trial court, who saw and heard these men testify, did believe them and entered judgment accordingly.

In order to reverse that judgment, we, with no knowledge of these men or of their credibility save as revealed by the record before us, would be obliged to find that each perjured himself throughout, and that the testimony of each must be disregarded and rejected as untrue. This we should not and cannot do.

Under these conditions, it seems useless to further set forth the facts or to discuss the various details, including certain figures presented by the appellant which are relied upon to establish fraud. The figures, while persuasive, are so far based upon assumptions as to be persuasive only; and assuming, as the trial court found, that the brothers McQuesten told the truth, then there was ample consideration for the transfer, it was made and accepted in good faith, and title thereby passed to the respondents before the appellant recovered her judgment.

The judgment appealed from is affirmed.

MILLARD, C. J., MITCHELL, GERAGHTY, and STEINERT, JJ., concur.